IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABRAHAM LIZAMA, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cv-00763 |
| VICTORIA'S SECRET STORES, LLC, | ) ) ) |
| and | ) ) |
| VICTORIA'S SECRET DIRECT, LLC, | ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. § 1332(d), Defendants Victoria's Secret Stores, LLC and L Brands Direct Fulfillment, LLC s/h/a Victoria's Secret Direct, LLC[1] (together, "Victoria's Secret") hereby remove this action, captioned *Abraham Lizama v. Victoria's Secret Stores, LLC, et al.*, Case No. 21SL-CC02221, from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division. As grounds for removal, Victoria's Secret states as follows:

## FACTUAL ALLEGATIONS[2]

1.     On May 18, 2021, Plaintiff Abraham Lizama ("Lizama") filed a Class Action Petition for Damages (the "Petition") against Victoria's Secret in the Circuit Court of St. Louis

---

[1]     The entity associated with this name and registered with the Missouri Secretary of State is L Brands Direct Fulfillment, LLC, which does business as Victoria's Secret Direct, LLC.

[2]     Unless otherwise noted, Victoria's Secret presents the factual allegations as presented in the underlying petition, without acknowledgment of their truth or falsity.

1

County, Missouri, on claims regarding the tax rate on a series of internet purchases. Lizama is the sole named plaintiff.

2.  Victoria's Secret is a lingerie, clothing, and beauty retailer with physical locations throughout the United States, including Missouri.  Victoria's Secret also operates the website www.victoriassecret.com, which allows customers to purchase certain branded products online. *See* Pet., ¶¶ 16-24.  As alleged, on March 15, 2021, Lizama purchased a variety of products from Victoria's Secret's website for delivery to Chesterfield, Missouri.  *Id.*, ¶ 41.  At the time of purchase, Lizama paid taxes on the sales at a rate of 8.740%.  *Id.*, ¶ 44.  Lizama's order ultimately shipped from a location outside of Missouri.  *Id.*, ¶ 42.  Lizama alleges that "the applicable use tax rate for sales of products through remote sales channels that are shipped by [Victoria's Secret] from an out-of-state facility for delivery to" the address in Chesterfield was 4.225%.  *Id.*, ¶ 43.

3.  Lizama seeks to certify the following putative class:

> All persons and entities who, during the five-year period before the filing of this Petition, purchased a product from Victoria's Secret for personal, family, or household use through a remote sales channel, including its internet website, that was delivered from an out-of-state facility to a Missouri delivery address and were charged tax monies at the higher tax rate rather than the lower use tax rate.

*Id.* ¶ 45.  He alleges "that, during the Class Period, thousands of Class members have similarly purchased numerous other products from Victoria's Secret," and "were illegally and erroneously charged tax monies at a higher tax rate rather than the lower use tax rate."  *Id.*, ¶ 49.

4.  Upon information and belief, there are well over 100 different Missouri delivery addresses for the purchases described within the class definition.  Furthermore, Victoria's Secret collected taxes in excess of $9 million between May 18, 2016 and the present on purchases that it reasonably believes are the subject of Lizama's lawsuit.

5.  In the Petition, Lizama brings four counts against Victoria's Secret, for: (I) violation of the Missouri Merchandising Practices Act ("MMPA"); (II) unjust enrichment; (III)

2

negligence; and (IV) money had and received. *Id.*, ¶¶ 61-87. As relief for Lizama and the putative class, Lizama's Petition seeks compensatory damages, "including the return of the full amount of excessive taxes paid"; restitution; declaratory and injunctive relief, "including a preliminary and permanent injunction enjoining Victoria's Secret from continuing the unlawful practices as set forth herein, specifically the charging of a higher tax rate than the correct applicable use tax rate on sales of products through remote sales channels, including an internet website, that were delivered from an out-of-state facility"; pre-judgment interest; post-judgment interest; and attorney's fees and costs. *Id.*, ¶¶ 88(a)-(i).

## **GROUNDS FOR REMOVAL**

### A.   **Removal Is Timely.**

6.   Lizama served Victoria's Secret with the Petition on May 26, 2021. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within 30 days after service of the Petition. Victoria's Secret has not filed a responsive pleading in the Circuit Court of St. Louis County. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, true and exact copies of all process, pleadings, and orders served on Victoria's Secret in this matter are attached as Exhibit 1.

### B.   **Venue Is Proper in This District and Division.**

7.   Venue properly lies in this Court because the original action was filed in the Circuit Court of St. Louis County, Missouri, which is located within the Eastern District of Missouri, Eastern Division. 28 U.S.C. § 1441(a).

### C.   **The Court Has Subject Matter Jurisdiction Under CAFA.**

8.   Congress passed CAFA to expand federal jurisdiction over class actions. *See* Pub. L. No. 109-2, 119 Stat. 14(2)(B) (CAFA seeks to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national

importance under diversity jurisdiction."); S. Rep. No. 109-14, p. 43 (CAFA "is intended to expand substantially federal court jurisdiction over class actions"). To effectuate its purposes, Congress directed that CAFA "should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." S. Rep. No. 109-14, p. 43. As the Supreme Court has held, there is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

9.  CAFA authorizes removal of putative class actions if: (1) there exists minimal diversity of citizenship; (2) the proposed class contains at least 100 members; and (3) the amount-in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6); *Dart Cherokee Basin*, 574 U.S. at 84-85. Victoria's Secret vigorously disputes the validity of Lizama's claims and denies that this case is appropriate for class treatment. The focus on removal, however, is not an assessment of the merits but rather on the "amount in controversy" as framed by the pleadings and the plausible allegations set forth in this Notice of Removal. *Dart Cherokee Basin*, 574 U.S. at 89. For the purpose of determining whether the Court must exercise federal subject matter jurisdiction, this dispute falls within the scope of CAFA.

### 1. Minimal Diversity Exists.

10.  To establish federal jurisdiction, CAFA requires only minimal diversity, meaning that at least one member of the putative class is of diverse citizenship from at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

11.  Victoria's Secret Stores, LLC and L Brands Direct Fulfillment, LLC s/h/a Victoria's Secret Direct, LLC are not citizens of the State of Missouri. Each LLC's sole member

4

is IB US Retail Holdings, Inc., which is a Delaware corporation with a principal place of business in Ohio.  Therefore, the defendants are citizens of Delaware and Ohio for purposes of diversity jurisdiction.[3]

12. Upon information and belief, and based upon the express allegations of the Petition, Lizama is a citizen of Missouri.  Pet., ¶ 4.

13. Based solely on the citizenship of the sole named plaintiff and the defendants, at least one member of the putative class is diverse from at least one defendant.  Therefore, the requirements of minimal diversity of citizenship is satisfied.

14. Furthermore, upon information and belief, there are numerous other members of the proposed classes who are not citizens of Delaware or Ohio, but rather citizens of Missouri or states other than Delaware and Ohio.  Based on their delivery addresses inside of Missouri, Victoria's Secret reasonably believes that Lizama is not the only Missouri citizen who falls within the class definition.  Furthermore, the class definition is not limited to citizens of Missouri, but rather "all persons and entities" that had products "delivered from an out-of-state facility to a Missouri delivery address" which may include individuals from around the country with secondary addresses in Missouri (*e.g.*, college students) or individuals temporarily residing in Missouri but who remain citizens of other bordering states, such as Illinois and Kansas.

        **2.**     **The Proposed Class Contains at Least 100 Members**.

15. Under CAFA, Lizama's putative class must also consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5).

---

[3] Moreover, neither Victoria's Secret Stores, LLC nor L Brands Direct Fulfillment, LLC is organized under Missouri law, and neither company's principal places of business is inside of Missouri.

5

16. Lizama specifically alleges that "[t]he Class consists of thousands of individual members." Pet., ¶ 51. This allegation alone is sufficient to satisfy CAFA's numerosity requirement.

17. Furthermore, upon information and belief, there are well over 100 different Missouri delivery addresses for the purchases described within the class definition and Victoria's Secret reasonably believes that there are at least 100 members in the putative class.

### 3. The Amount In Controversy Exceeds $5,000,000.

18. As already noted, Victoria's Secret vigorously disputes the validity of Lizama's claims and denies that this case is appropriate for class treatment. For purposes of CAFA, however, the aggregate amount in controversy exceeds $5,000,000 based upon the allegations and legal theory asserted in Lizama's Petition. All components of the plaintiff's demands are considered in determining the amount in controversy, including actual damages, attorney's fees, and injunctive relief.

19. Under CAFA, the claims of the individual members of a putative class are aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). The amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-02 (9th Cir. 2010)). Congress intended that federal jurisdiction properly be exercised under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-14, p. *42. "If the class action complaint does not allege that more than $5 million

6

is in controversy, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (quoting *Dart Cherokee Basin*, 574 U.S. at 89). The removing party "has the burden to establish 'not whether the damages [sought] *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.'" *Id.* at 984 (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)). When the notice of removal plausibly alleges that the class *might* recover actual damages, injunctive relief, and attorneys' fees aggregating more than $5 million, then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much. *Id.* Accordingly, in removing this matter, Victoria's Secret does not in any way concede that the putative class will prevail on the merits or that the putative class will recover monetary or injunctive relief valued at $5,000,000 or more. Rather, based on the face of the Petition, Victoria's Secret anticipates that $5,000,000 or more, based on Lizama's allegations, will be put at issue during the litigation.

### a.  Actual Damages

20.    Lizama seeks compensatory damages, including a full refund of the amount of allegedly excessive taxes paid. Pet., ¶ 88(c). Based on Victoria's Secret's review of its records, Victoria's Secret collected taxes in excess of $9 million between May 18, 2016 and the present for the types of transactions that Victoria's Secret reasonably believes are the subject of Lizama's lawsuit. *See* ¶ 4, *supra*. Lizama represents that he is similarly situated to other members of the class and that his claims are typical of the class. Pet., ¶¶ 41, 55. According to Lizama, Victoria's Secret should have applied a tax rate of 4.225% to his purchase. *Id.*, ¶ 43. Therefore, Victoria's Secret has re-calculated the taxes on these transactions by applying the proposed tax rate of 4.225%. The net difference in tax collection between the rate applied at the time of purchase and

7

Lizama's proposed rate exceeds $2.5 million. *See Schott v. Overstock.com, Inc.*, No. 4:20-cv-00684-MTS, 2021 WL 148875, at *3-4 (E.D. Mo. Jan. 15, 2021).

### b. Attorney's Fees

21. Lizama also seeks an award of attorney's fees. Pet., ¶ 88(h). In light of the MMPA's statutory authorization to award attorney's fees, the Court must consider a possible attorney's fee award in determining the amount in controversy under CAFA. *Waters v. Home Depot USA, Inc.*, No. 4:19-cv-02467-SNLJ, 2020 WL 1170248, at *6 (E.D. Mo. Mar. 11, 2020); *see also* R.S. Mo. § 407.025.1 (allowing discretionary award of attorney's fees)

22. For purposes of calculating the amount in controversy, courts assume that an award of attorney's fees could be 33% of actual damages (or more). *See, e.g.*, *Faltermeier v. FCA US LLC*, No. 4:15-cv-00491-DGK, 2016 WL 10879705, at *4 (W.D. Mo. May 26, 2016) (attorney's fees could reach $1.4 million, representing 38.8% of compensatory damages, in MMPA case), *aff'd*, 899 F.3d 617, 622 (8th Cir. 2018); *Baker v. NNW, LLC*, No. 15-00222-CV-W-GAF, 2015 WL 12843831, at *2 (W.D. Mo. June 1, 2015) (assuming attorney's fees of 33% in MMPA case); *Harrington Enters., Inc. v. Safety-Kleen Sys., Inc.*, 42 F. Supp. 3d 1197, 1201 (W.D. Mo. 2013) (same). Based on the actual damages estimate set forth above, which is in excess of $2.5 million, a potential attorney's fee equal to 33% of the estimated actual damages would be $825,000 (and conceivably might be higher).

### c. Injunctive Relief

23. In addition to monetary relief, Lizama's Petition seeks a "permanent injunction enjoining Victoria's Secret from continuing the unlawful practices as set forth herein, specifically the charging of a higher tax rate than the correct applicable use tax rate on sales of products through

8

remote sales channels, including an internet website, that were delivered from an out-of-state facility." Pet., ¶ 88(e).

24. As set forth above, based on Victoria's Secret's review of its tax records from May 18, 2016 to present, the total amount of taxes collected in the transactions that Victoria's Secret reasonably believes are the transactions described in the Petition exceeded $9 million. With respect to these transactions, the net difference in tax collection upon applying Lizama's proposed tax rate exceeds $2.5 million or, on average, approximately $500,000 per year or $40,000 per month. In the event Lizama obtains permanent injunctive relief, it would result in Victoria's Secret's ceasing to collect an estimated $500,000 per year in sales taxes on behalf of the State of Missouri, which equals an undiscounted $2.5 million over the next 5 years and $5 million over the next 10 years. *See, e.g.*, *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011) (calculating value of injunctive relief in the amount of $125,000 annually over 20 years to satisfy amount-in-controversy analysis under CAFA).

25. Therefore, when the actual damages, permissible range of attorney's fees, and the value of injunctive relief are all taken into account, the amount in controversy well exceeds $5 million.

26. For all the reasons stated above, this action is removable to this Court under 28 U.S.C. §§ 1441 and 1446, and this Court may exercise subject matter jurisdiction over the action under 28 U.S.C. § 1332(d). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Lizama, and a copy is being filed with the clerk of the Circuit Court of St. Louis County.

WHEREFORE, Defendants Victoria's Secret Stores, LLC and L Brands Direct Fulfillment, LLC s/h/a Victoria's Secret Direct, LLC ask that this Court take jurisdiction of this

action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law. The defendant further requests that the removal of this action be entered on the docket of this Court and that the Court grant the defendant other and further relief to which it may be legally and equitably entitled.

Dated: June 24, 2021

Respectfully submitted,

**BRYAN CAVE**
**LEIGHTON PAISNER LLP**

By: /s/ Jonathan B. Potts
Jonathan B. Potts, #64091MO
Colin Snider, #72137MO
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2403
(314) 259-2020 (fax)
jonathan.potts@bclplaw.com
colin.snider@bclplaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 24, 2021, the foregoing was served via email and U.S. mail, first-class, postage prepaid, upon the following:

Daniel J. Orlowsky
Orlowsky Law, LLC
7777 Bonhomme, Suite 1910
St. Louis, MO 63105
dan@orlowskylaw.com

Adam M. Goffstein
Goffstein Law, LLC
7777 Bonhomme, Suite 1910
St. Louis, MO 63105
adam@goffsteinlaw.com

*Attorneys for Plaintiff*

/s/ Jonathan B. Potts

*Attorney for Defendants*