UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABRAHAM LIZAMA, on behalf of Himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 4:21-cv-00763-HEA |
| v. | ) ) ) |
| VICTORIA'S SECRET STORES, LLC | ) ) |
| and | ) ) |
| VICTORIA'S SECRET DIRECT, LLC | ) ) ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff Abraham Lizama moves to remand this action to the Circuit Court of St. Louis County, 21st Judicial Circuit, State of Missouri pursuant to 28 U.S.C. § 1447(c), the court from which Defendant wrongfully removed it. In support thereof, Plaintiff states as follows:

1. This is a class action by Plaintiff Abraham Lizama ("Plaintiff") against Defendants Victoria's Secret Stores, LLC and Victoria's Secret Direct, LLC ("Defendants" or "Victoria's Secret"). Plaintiff brings this class action on behalf of himself and all persons and entities who purchased a product from Victoria's Secret through remote sales channels, including its internet website, that was delivered from an out-of-state facility to a Missouri delivery address and who were charged tax monies at a higher tax rate than the correct applicable use tax rate. Plaintiff is seeking damages for the overcollection of excess tax. Specifically, Plaintiff seeks, *inter alia*, injunctive relief as well as damages and costs for violations of the Missouri Merchandising Practices Act ("MMPA"), Mo Rev. Stat. § 407.010 *et seq*., as well as damages for unjust

enrichment, negligence, and money had and received. Each cause of action arises under Missouri Law.

2.  Victoria's Secret filed its Notice of Removal on June 24, 2021, and stated that this Court has jurisdiction under the Class Action Fairness Act ("CAFA") over Plaintiff's claims. Victoria's Secret asserts original jurisdiction pursuant to the CAFA, 28 U.S.C. 1332(d). CAFA authorizes removal if, *inter alia*, the amount in controversy exceeds $5 million in the aggregate. However, for the reasons set forth in Plaintiff's Memorandum in Support of their Motion to Remand, filed herewith, this Court lacks jurisdiction because Victoria's Secret cannot satisfy the $5 million minimum amount in controversy under the Class Action Fairness Act.

3.  The party seeking to invoke the jurisdiction of the federal court bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Advance Am. Serv. of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *Price v. Cybertel Cellular Tel. Co.*, No.4:06CV1640 FRB, 2007 WL 1445846, at *1 (E.D. Mo. May 14, 2007) (citing *In re Bus. Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir. 1991) (It is well settled that on a motion to remand, the burden of establishing federal subject matter jurisdiction lies with the removing party.)).

4.  The Court should remand this case to the Circuit Court of St. Louis County, because Victoria's Secret has not shown and cannot show by a preponderance of the evidence that this case satisfies the amount in controversy requirement for CAFA jurisdiction.

WHEREFORE, Plaintiff prays for an order remanding this action to the Circuit Court of St. Louis County, 21st Judicial Circuit, State of Missouri pursuant to 28 U.S.C. § 1447(c).

Respectfully submitted,

Orlowsky Law, LLC

/s/ Daniel J. Orlowsky_____
Daniel J. Orlowsky, #57387MO
Orlowsky Law, LLC
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone: (314) 725-5151
Fax: (314) 455-7375
Attorney for Plaintiff

Goffstein Law, LLC

/s/ Adam M. Goffstein_____
Adam M. Goffstein, #45611MO
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone: (314) 725-5151
Fax: (314) 725-5161
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2021, the foregoing was filed electronically with the Clerk of Court and served via the Court's CM/ECF system to all attorneys of record.

                                          /s/Daniel J. Orlowsky