UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ABRAHAM LIZAMA, on behalf of Himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VICTORIA'S SECRET STORES, LLC and VICTORIA'S SECRET DIRECT, LLC<br><br>Defendants. | CASE NO: 4:21CV763 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 11]. Defendants oppose the Motion. For the reasons set forth below, the Motion will be granted.

### Facts and Background

This is a putative class action filed by Plaintiff in the Circuit Court of St. Louis County, Missouri against Defendants on behalf of himself and all persons and entities who purchased a product from Victoria's Secret through remote sales channels, including its internet website, that was delivered from an out-of-state facility to a Missouri delivery address and who were allegedly charged tax monies

at a higher tax rate than the correct applicable use tax rate. According to the Petition, Missouri law requires retailers to charge sales or use tax on the sales of their products to Missouri purchasers. Missouri state law mandates that retailers with tax nexus charge a use tax on sales of their products through remote means, including an internet website, telephone, catalog or other remote communications systems channel(s)") to Missouri purchasers that are shipped from an out-of-state facility.  The state use tax rate for these sales is 4.225%. There may also be additional local use taxes that are imposed on sales made through remote sales channels based on the delivery address of the Missouri purchasers. The state use tax rate of 4.225% plus any applicable local use tax impositions is the cumulative use tax rate for any given location.

Plaintiff seeks damages for the overcollection of excess tax. Plaintiff seeks injunctive relief as well as damages and costs for violations of the Missouri Merchandising Practices Act ("MMPA"), Mo Rev. Stat. § 407.010 et seq., as well as damages for unjust enrichment, negligence, and money had and received. Plaintiff seeks to represent all persons who were charged excess taxes.

Defendants removed the case from the Circuit Court of St. Louis County to this Court on June 24, 2021. They assert original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d) ("CAFA"). CAFA authorizes removal if, there is minimal diversity, the proposed class contains at least 100 members, and

the amount in controversy is at least $5 million in the aggregate. Defendants based the removal on the following: $2,500,000 in estimated actual damages, which it claims represents the amount of excess taxes it over collected during the class period, a 33% attorney fee award of the estimated actual damages which would be $825,000, and injunctive relief based on the taxes that Victoria's Secret would annually cease collecting, which equals an undiscounted $2,500,000 over the next 5 years and $5,000,000 over the next 10 years.

## Standard of Review

The CAFA "confers federal jurisdiction over class actions where, among other things, 1) there is minimal diversity; 2) the proposed class contains at least 100 members; and 3) the amount in controversy is at least $5 million in the aggregate." *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006) (citing 28 U.S.C. § 1332(d)); *see also Raskas v. Johnson & Johnson*, 719 F.3d 884, 886-87 (8th Cir. 2013). Plaintiff does not dispute that this action satisfies the CAFA requirements of minimal diversity and having at least 100 members. He claims, however, that Defendants have not met the burden of establishing the required $5 million threshold.

Federal courts are courts of limited jurisdiction, and "[i]t is to be presumed that a cause lies outside this limited jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he burden of establishing the contrary

rests upon the party asserting jurisdiction." *Id.* (citations omitted). The Court may exercise jurisdiction over this removed case only if it would have had original subject-matter jurisdiction had the action initially been filed here. *Krispin v. May Dep't Stores Co.*, 218 F.3d 919, 922 (8th Cir. 2000) (citing 28 U.S.C. § 1441(b)). The Court reviews the state-court petition pending at the time of removal to determine the existence of subject-matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). The notice of removal may also be considered to determine jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii).

Defendants, as the removing parties invoking jurisdiction, bear the burden of proving that all prerequisites to jurisdiction are satisfied. *Kokkonen*, 511 U.S. at 377; *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). *See also Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ("Although CAFA expanded federal jurisdiction over class actions, it did not alter the general rule that the party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction."). Where, as here, "the class action complaint does not allege that more than $5 million is in controversy, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.' " *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 983 (8th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)). The defendant need

not establish that " 'the damages [sought] *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are.' " *Id.* at 984 (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)) (emphasis in *Hartis*) (alteration in *Pirozzi*). Where such a plausible allegation is made, "the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much." *Id.* (internal quotation marks and citations omitted) (emphasis in *Pirozzi*).

"[W]hen a defendant's assertion of the amount in controversy is challenged[, however], both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 574 U.S. at 88. If the removing party establishes by a preponderance of the evidence that CAFA's jurisdictional minimum is satisfied, "remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 584 (8th Cir. 2017) (internal quotation marks and citation omitted). While generally a court must resolve all doubts about federal jurisdiction in favor of remand to state court, *In re Prempro*, 591 F.3d at 620, "no antiremoval presumption attends cases invoking CAFA[.]" *Dart Cherokee*, 574 U.S. at 89; *see also Ahmad v. Panera Bread Co.*, No. 4:21 CV 311 CDP, 2021 WL 5447000, at *1–2 (E.D. Mo. Nov. 16, 2021).

## Discussion

Defendants argue that the amount of actual damages it collected is $2,500,000 in excess taxes during the class period. This figure represents the net difference, from the total of $9 million in taxes collected, between the allegedly proper tax rate of 4.225% and the rate applied at the time of purchase. Defendants then add to this figure a "permissible" range of attorney's fees, $825,000 (33% of actual damages), and "the value of injunctive relief."

The flaw in Defendants' position arises in their argument with regard to the value of injunctive relief. This issue was very recently addressed by Judge Catherine Perry in *Ahmad*, No. 4:21 CV 311 CDP, 2021 WL 5447000.

The value of injunctive relief is considered in determining the amount in controversy. *James Neff Kramper Fam. Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005). Whether I view this value from Ahmad's viewpoint, *i.e.*, the value of such relief to the class members, or from Panera's perspective, *i.e.*, its potential costs to comply with the injunction, *see Waters*, 873 F.3d at 635, Panera has submitted no evidence from which I can determine any value whatsoever.

"A removing defendant can establish federal jurisdiction with specific factual allegations ... combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations. However, the amount in controversy is not established by a preponderance of the evidence if a court must resort to conjecture, speculation, or star gazing." *Waters*, 873 F.3d at 636 (internal quotation marks and citations omitted) (text omission in *Waters*).

In her petition here, Ahmad seeks injunctive relief in the form of ordering Panera to "cease from representing their delivery service as flat, low-cost and to disclose the true nature of their mark-ups." (ECF 6 at ¶ 63.) Although Panera averred in its notice of removal that costs incurred from such an injunction may include those related to revisions to marketing, additional disclosures, and impact resulting from the changes in marketing (ECF 1 at ¶ 24), it provides no evidence in

opposing Ahmad's motion to remand demonstrating the value of these costs. Instead, it argues only that the costs of complying with an award of injunctive relief are the delivery fees and percentages of delivered food sales it could no longer add to its bottom line if it was to stop its present practices. (*See* ECF 22 at pp. 9-10.) But the injunctive relief Ahmad seeks is not to prohibit Panera from using marked up prices for delivered food, only that it disclose that it is doing so. Panera is therefore incorrect in its assertion that the injunctive relief Ahmad seeks will cause it to forego proceeds from future food markups.

Even if I were to consider Panera's contention that the costs of complying with an award of injunctive relief includes its inability to enjoy the fruits of its alleged deceitful behavior, I am aware of no authority, and Panera cites to none, that permits the value of injunctive relief to be based on the amount of an entity's future ill-gotten gains it would have to forego if the lawsuit were successful in its effort to stop this wrongful conduct. To base CAFA jurisdiction on the future value of unlawful conduct *ad infinitum* is not reasonable.

Accordingly, given that Panera has failed to present any evidence as to the amount of costs it would incur in complying with a potential award of the injunctive relief Ahmad actually seeks in this action, I cannot use this factor in calculating the overall amount in controversy for CAFA jurisdiction. *Waters*, 873 F.3d at 636.

*Id.*, at *7.

The same speculative argument is presented by Defendants.  In attempting to establish the $5 million threshold, Defendants argue that the cost of injunctive relief is an "estimated $500,000 per year in sales taxes on behalf of the State of Missouri, which equals an undiscounted $2.5 million over the next 5 years and $5 million over the next 10 years."  Notice of Removal, Doc. No. 1.  In their Opposition to the Motion to Remand, Defendants present a discounted injunctive relief amount of 5%, which reduces these amounts to $2,164,738.34 and $3,860867.46, respectively.

7

The Court agrees with Judge Perry's analysis that Defendants' speculative costs of injunctive relief cannot factor into the determination. Even if the Court were to consider Defendants' figures, they have not presented any authority that an award of injunctive relief analysis should include Defendants' inability to collect future taxes. To base CAFA jurisdiction on the future value of Defendants' conduct on arbitrary time factors, such as five or ten years, or *ad infinitum* is not reasonable.

## Conclusion

The amount of compensatory damages in controversy for purposes of determining CAFA jurisdiction at the time this case was removed from state court totals $2.5 million. Adding a 33% attorneys' fee award to this amount brings the total to $3,325,000. There are no punitive damages or injunctive relief values to consider. Accordingly, the total amount in controversy reasonably expected at the time of removal was well below the $5 million threshold required for CAFA jurisdiction.

Based on the foregoing, Defendants have not met their burden of showing that federal CAFA jurisdiction exists because they have failed to demonstrate by a preponderance of the evidence that the amount in controversy in this action met the $5 million threshold required for such jurisdiction at the time of removal. This matter will be remanded for lack of subject-matter jurisdiction.

Accordingly,

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand, Doc. No. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of St. Louis County, Missouri.

Dated this 28th day of December 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE