# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
### St. Louis, Missouri 63102

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

June 03, 2022

Mr. Jonathan Barton Potts
BRYAN & CAVE
3600 One Metropolitan Square
211 N. Broadway
Saint Louis, MO  63102-2186

      RE: 22-1702  Abraham Lizama v. Victoria's Secret Stores, LLC, et al

Dear Counsel:

      The court has issued an opinion in this case. Judgment has been entered in accordance with the opinion. The opinion will be released to the public at 10:00 a.m. today. Please hold the opinion in confidence until that time.

      Please review Federal Rules of Appellate Procedure and the Eighth Circuit Rules on post-submission procedure to ensure that any contemplated filing is timely and in compliance with the rules. Note particularly that petitions for rehearing and petitions for rehearing en banc <u>must</u> be received in the clerk's office within 14 days of the date of the entry of judgment. Counsel-filed petitions must be filed electronically in CM/ECF. Paper copies are not required. No grace period for mailing is allowed, and the date of the postmark is irrelevant for pro-se-filed petitions. Any petition for rehearing or petition for rehearing en banc which is not received within the 14 day period for filing permitted by FRAP 40 may be denied as untimely.

      Michael E. Gans
      Clerk of Court

CRJ

Enclosure(s)

cc:    Mr. Adam M. Goffstein
       Mr. Gregory J. Linhares
       Mr. Daniel John Orlowsky

      District Court/Agency Case Number(s):   4:21-cv-00763-HEA

# United States Court of Appeals
## *For The Eighth Circuit*
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
**St. Louis, Missouri 63102**

**Michael E. Gans**
*Clerk of Court*

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

June 03, 2022

West Publishing
Opinions Clerk
610 Opperman Drive
Building D D4-40
Eagan, MN 55123-0000

    RE: 22-1702  Abraham Lizama v. Victoria's Secret Stores, LLC, et al

Dear Sirs:

    An opinion was filed today in the above case.

    Counsel who represented the appellant was Jonathan Barton Potts of Saint Louis, MO.

    Counsel who represented the appellee was Adam M. Goffstein, of Saint Louis, MO., and Daniel John Orlowsky of Saint Louis, MO.

    The judge who heard the case in the district court was Honorable Henry Edward Autrey. The judgment of the district court was entered on December 28, 2021.

    If you have any questions concerning this case, please call this office.

                                      Michael E. Gans
                                      Clerk of Court

CRJ

Enclosure(s)

cc:  Lois Law
     MO Lawyers Weekly

       District Court/Agency Case Number(s):   4:21-cv-00763-HEA

# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1702
_____

Abraham Lizama, on behalf of himself and all others similarly situated,

*Plaintiff - Appellee*,

v.

Victoria's Secret Stores, LLC; Victoria's Secret Direct, LLC,

*Defendants - Appellants*.

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 19, 2022
Filed: June 3, 2022

_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

    Victoria's Secret Stores, LLC and Victoria's Secret Direct, LLC (collectively "Victoria's Secret") appeal an order of the district court[1] remanding this putative class

---

[1]The Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri.

action to state court. We accepted the appeal under 28 U.S.C. § 1453(c)(1), and now affirm.

Abraham Lizama filed a putative class action in Missouri state court against Victoria's Secret. The petition alleged that the company violated the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010 *et seq.*, by assessing tax on a category of purchases at a rate greater than required by the Missouri tax code. Lizama asserts that products sold online and shipped to customers in Missouri from out-of-state facilities are subject to Missouri use tax rates and not the higher sales tax rates that Victoria's Secret charged.

On behalf of a putative class, Lizama seeks compensatory damages, attorney's fees, and a permanent injunction preventing Victoria's Secret from collecting excess tax in the future. The putative class is defined as "[a]ll persons and entities who, during the five-year period before the filing of [the] Petition, purchased a product from Victoria's Secret for personal, family or household use through a remote sales channel, including its internet website, that was delivered from an out-of-state facility to a Missouri delivery address and were charged tax monies at a higher tax rate rather than the lower use tax rate."

Victoria's Secret removed the action to the federal district court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Lizama moved to remand the case to state court, arguing that Victoria's Secret failed to show that the amount in controversy exceeds $5 million—the threshold amount for federal diversity jurisdiction in a class action where a member of the class is a citizen of a different State than a defendant. *Id.* Victoria's Secret opposed the motion and submitted a declaration from a company official averring that over the previous five years, the "sum of the difference between sales tax collected and hypothetical use tax calculated for the online sales . . . is more than $2.5 million." The parties agreed that the amount

in controversy includes $2.5 million in actual damages and about $800,000 in attorney's fees, bringing the amount to at least $3.3 million.

Victoria's Secret argues that the amount in controversy exceeds $5 million because the value of injunctive relief is more than $1.7 million, and that amount must be added to the $3.3 million that the parties agree is in controversy. The company maintains that the $2.5 million of allegedly excess tax collected over the last five years provides a reasonable basis to project the disputed tax differential in future years. Using the figure of $2.5 million for the last five years, and applying a discount rate of five percent, Victoria's Secret calculates the value of the injunction to be about $2.2 million over the next five years or $3.9 million over the next ten years.

The district court agreed with the parties that compensatory damages and attorney's fees would total about $3.3 million. But the court concluded that Victoria's Secret's estimate of the value of injunctive relief was "speculative," and that Victoria's Secret had failed to show the amount in controversy exceeds $5 million. The court thus remanded the case to state court, and Victoria's Secret appeals. We review the district court's legal conclusions *de novo*, *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009), and review for clear error the court's findings of jurisdictional facts regarding the amount in controversy. *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018). The relevant jurisdictional fact is whether a factfinder might legally conclude that the amount in controversy exceeds the jurisdictional amount. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

When a plaintiff contests the amount in controversy after removal, the party seeking to remove under the Class Action Fairness Act must establish the amount in controversy by a preponderance of the evidence. *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012); *see also Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (per curiam). To establish jurisdiction, the removing party must show that a factfinder might legally conclude that the amount in

-3-

controversy is greater than the threshold amount. *See Bell*, 557 F.3d at 959. An amount is not "in controversy" if no factfinder could legally award it. *Kopp*, 280 F.3d at 885.

"A removing defendant can establish federal jurisdiction with 'specific factual allegations . . . combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations.'" *Waters*, 873 F.3d at 636 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). If the defendant establishes by a preponderance of the evidence that the jurisdictional minimum is satisfied, then remand is appropriate only if the plaintiff establishes to a legal certainty that the claim is for less than the requisite amount. *Bell*, 557 F.3d at 956.

The parties debate whether the amount in controversy should be measured only from the plaintiffs' perspective—*i.e.*, the aggregate value of the claims to the class members—or whether a district court may determine the amount from either party's point of view, and thus may consider the amount from the defendant's perspective—*i.e.*, the total potential cost to the defendant if the plaintiffs prevail. *See Waters*, 873 F.3d at 635. We need not resolve that issue here, because we conclude that Victoria's Secret did not meet its burden to show an amount in controversy over $5 million from either perspective.

Measuring from the defendant's viewpoint, it is possible for injunctive relief to contribute to the amount in controversy where the injunction would cause the defendant to suffer a financial loss. *E.g.*, *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011). In this case, however, the requested injunction would simply prevent Victoria's Secret from collecting an allegedly unnecessary tax that the company remits to the State of Missouri. That order, if entered, would impose no cost on Victoria's Secret, so the amount in controversy from the defendant's perspective does not exceed $5 million.

Considering the amount from the plaintiffs' viewpoint, it is necessary to distinguish between future customers of Victoria's Secret and members of the putative plaintiff class. The requested injunctive relief does have value to future customers of Victoria's Secret, as the order sought by the petition would allow customers to avoid paying allegedly excess tax on future purchases. The question here, however, is whether Victoria's Secret has established by a preponderance of the evidence that the injunction would have value of at least $1.7 million to members of the putative class. That class is not defined as all customers who will make qualifying purchases from Victoria's Secret in the future, but rather as a group of customers who made qualifying purchases from Victoria's Secret over the preceding five years.

While Victoria's Secret projects that the company would collect $2.5 million in allegedly excess tax over the next five years, the company presented no evidence to support a reasonable inference that putative class members would be the future purchasers who pay that amount of disputed tax. The petition does not define the putative class as future purchasers or allege that all class members who are past purchasers intend to make future purchases. The absence of such an allegation may mean that the class could not properly be certified for purposes of injunctive relief. *See Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1034 (8th Cir. 2010). But even assuming that the amount in controversy properly includes projected taxes that would be paid by some class members who make future purchases, Victoria's Secret did not meet its burden. The company presented no data or other evidence to support a reasonable inference that the number of class members who would become repeat purchasers is likely to be sufficient to generate at least $1.7 million in disputed tax. Without a non-speculative basis to infer that the requested injunction would bring the amount in controversy between these parties over $5 million, the district court properly concluded that it lacked jurisdiction.

For these reasons, the order of the district court remanding this action to the Circuit Court of St. Louis County, Missouri, is affirmed. The appellee's motion for leave to file a sur-reply is denied.

_____